UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   15-20973-CIV-GAYLES/WHITE

JOSEPH ARNOLD,

    Plaintiff,
vs.

CORPORAL J. SAINVIL, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant Miami-Dade County's Motion to Dismiss [ECF No. 40] and Magistrate Judge Patrick A. White's Report and Recommendation [ECF No. 47]. The Court, having carefully reviewed the Motion, the Report, the Objections, the record, and the applicable law, denies the Motion to Dismiss.

## Background

On March 10, 2015, Plaintiff Joseph Arnold ("Plaintiff") filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 [ECF No. 1]. In his Complaint, Plaintiff alleged that Defendants, Corporal Jacky Sainvil ("Sainvil"), Officer Marlon McFadden ("McFadden"), and Officer Ricardo Edwards ("Edwards"), beat him, without cause, while he was detained in the Miami Dade County Pretrial Detention Center. Plaintiff also alleged that Defendant Officer Anguyasha Westby ("Westby") observed the entire incident and failed to intervene. The Clerk referred the case to Magistrate Judge White under Administrative Order 2003-19 for a report and recommendation on any dispositive matters. Following Judge White's initial screening of the case, the Court permitted the action to proceed against Sainvil, McFadden, and Edwards, in their

individual capacities, and dismissed the claim against Westby without prejudice.

On November 9, 2015, Plaintiff, now represented by counsel, filed his First Amended Complaint alleging a claim for battery against Defendant Miami-Dade County (the "County"), § 1983 claims against Sainvil, McFadden, and Edwards for excessive use of force, and a § 1983 claim against Westby for failure to intervene. Plaintiff asserts that Defendant Sainvil, in response to a disturbance among inmates, punched Plaintiff in the face, knocking him to the ground. Sainvil, McFadden, and Edwards proceeded to kick Plaintiff, causing him to sustain a broken arm, bruised ribs, and head injuries. Westby observed the entire incident, but failed to intervene. Plaintiff alleges he did nothing to provoke the Defendants' "use of excessive, illegal force." [ECF No. 25 at ¶ 19].

On February 26, 2015, Plaintiff filed an Inmate Grievance Form (the "Form") with the Miami-Dade Corrections and Rehabilitation Department ("MDCR"). Plaintiff timely completed the first part of the form, detailing the incident and requesting that Sainvil, Edwards, and McFadden be held accountable for his broken arm. On March 3, 2015, MDCR responded, indicating that the grievance was "under administrative review" and "forwarded to IA." [ECF No. 40-5]. On March 16, 2015, Plaintiff responded by checking the "Accepted (Resolved)" box. *Id.* Plaintiff did not pursue an appeal.

The County has moved to dismiss, arguing that Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA") and that it is entitled to sovereign immunity. On February 10, 2015, Magistrate Judge White issued his report on the Motion (the "Report"), recommending that the Court grant the County's motion on sovereign immunity grounds but deny the motion with respect to PLRA exhaustion. Both Plaintiff and the

County have objected to the Report.[1]

### Discussion

When a party makes a timely and specific objection to a report and recommendation, the Court must make a *de novo* determination of the issues raised in the objections. 28 U.S.C. § 636 (b)(1)(B); *United States v. Raddatz*, 447 U.S. 667, 674 (1980). Because the parties have objected to the Report, the Court will review the issues *de novo.*

### I. Exhaustion of Administrative Remedies

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1996). "The purpose of the PLRA's exhaustion requirement is to 'afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1208 (11th Cir. 2015) (quoting *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). A prisoner must fully comply with a prison's grievance procedures to comply with the PLRA and exhaust his claims. *Id.* The Court has no power to waive the exhaustion requirement, even if the administrative remedies appear futile or inadequate. *Booth v. Churner*, 532 U.S. 731, 739 (2001).

---

[1] On February 3, 2015, the Court stayed this action, except for the resolution of the County's Motion to Dismiss, pending the State Attorney's Office's review of the investigating file and MDCR's administrative investigation.

Failure to exhaust is an affirmative defense, not a jurisdictional requirement. *Jones v. Bock*, 549 U.S. 199, 212 (2007). In the Eleventh Circuit, courts follow a two-step process for evaluating motions to dismiss for failure to exhaust administrative remedies:

> First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss, if, based on those findings, defendants have shown a failure to exhaust.

*Whatley*, 802 F.3d at 1209 (citing *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). The defendant bears the burden of establishing a failure to exhaust. *Turner*, 541 F.3d at 1082; *Whatley*, 802 F.3d at 1209.

The County argues that Plaintiff, in choosing to accept and not appeal MDCR's resolution of his grievance, failed to exhaust his administrative remedies. In support, the County attaches Plaintiff's grievance form, the D.S.O.P. Inmate Grievance Process (the "D.S.O.P."), and the MDCR Inmate Handbook. In response, Plaintiff argues that once he accepted MDCR's resolution, the grievance procedure was complete and therefore did not necessitate an appeal. The parties present competing versions of the facts and interpretations of the D.S.O.P. In particular, the parties dispute the correct interpretation of what "completes" or exhausts the D.S.O.P. grievance process. Accepting Plaintiff's view as true – that no appeal was required because the County was going to investigate the incident – the Court cannot make a facial finding that Plaintiff failed to exhaust.

The Court, therefore, makes specific findings based on the evidence in the record. The parties do not dispute that Plaintiff followed the first step of the grievance procedure. Within ten days of the alleged incident, Plaintiff obtained an inmate grievance form, completed it, submitted

4

it to MDCR staff, and asked that MDCR hold Sainvil, Edwards, and McFadden accountable for his broken arm. The factual dispute arises over MDCR's response, Plaintiff's interpretation of that response, and the requirements of the D.S.O.P. MDCR's response indicates (a) that the grievance is under administrative review and "forwarded to IA" and (b) that it is "unsubstantiated." [ECF No. 40-5]. The D.S.O.P. defines unsubstantiated as "[a] ruling rendered, as a result of a lack of proof and/or evidence concerning an inmate's formal written complaint/grievance." [ECF No. 40-2]. Plaintiff checked the box for accepted (resolved) and did not appeal before filing this action.

The Court finds that MDCR's response to Plaintiff's grievance is ambiguous. On its face, the completed form contains a clear conflict. In Part IX, the form indicates that the grievance is under administrative review and that it has been forwarded to Internal Affairs. Yet, in the same section, the form indicates that the grievance is unsubstantiated. It is also unclear whether this means MDCR or Internal Affairs found Plaintiff's claims unsubstantiated and whether Internal Affairs was going to further investigate the incident. Section C.12 of the D.S.O.P. provides that "[i]f the inmate agrees with the written response. . . .the grievance process is complete." [ECF No. 40-2]. Plaintiff asserts that he merely agreed with MDCR's decision to forward the matter to Internal Affairs. Even if such an agreement would not ordinarily complete the grievance process, the Court cannot hold the ambiguity caused by the County against Plaintiff. Therefore, the County has not met its burden of establishing a failure to exhaust.

The County also argues that a finding that Plaintiff only need to accept MDCR's resolution to exhaust administrative remedies will open of a "floodgate" of inmate litigation. The Court disagrees. In most cases, the prison's resolution of a grievance will be unambiguous. For example, the prison might, after review, find the grievance unsubstantiated with no further investigation required. This would be an unambiguous response that the prison did not find the prisoner's allegations credible. If the prisoner accepts that response, he would be precluded from later claiming in a federal action that his grievance was credible. The Court's holding in this action, is limited to the facts presented by the parties. It is the ambiguity in MDCR's response that makes this case unique. If the County is concerned about a possible increase in unwarranted litigation, amendments to the grievance form may be necessary. Accordingly, the Court finds that, based on the evidence before it, Defendant has not met its burden of establishing a failure to exhaust.

The Court notes that Plaintiff also argued that the PLRA does not apply to his state law claim for battery against the County. The law in this and other circuits is unclear as to whether the PLRA applies to such a state law claim. *See Williamson Tobacco* Corp, 294 F.3d 1309, 1315 (11th Cir. 2002) (PLRA does not apply to actions removed from state court that are unrelated to prison conditions); *McDaniel v. Meisner*, 617 Fed.Appx. 553, n.3 (7th Cir. 2015) ("We note that the exhaustion requirements of the Prison Litigation Reform Act" do not apply to state-law claims."); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 683 (4th Cir. 2005) (declining to consider whether the PLRA applies to state law claims); *Mitchell v. Brown & O'Connor v. M.L. Carnahan*, No. 3:09cv224, 2014 WL 293457 at *10 n. 20 (holding that "§ 1997e(e) should apply to Plaintiff's state law claims," but noting disagreement among courts).

Because the Court finds that the County has not met its burden of establishing that Plaintiff failed to exhaust his administrative remedies, it declines to address whether the PLRA applies to supplemental state law claims brought in federal court.

## II. Sovereign Immunity

Pursuant to Florida's statute governing the waiver of sovereign immunity, the County is not "liable in tort for the acts or omissions of an officer . . . committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla.Stat. § 768.28 (9)(a). Plaintiff alleges that the individual officers used "excessive illegal force" and that he did nothing to provoke them. Plaintiff incorporates these allegations into his claim against the County for battery.

The County argues that Plaintiff's allegations necessarily describe acts committed in bad faith, with a malicious purpose, or exhibiting wanton and willful disregard of human rights and safety. Some judges in this district have held that, in certain cases, the Court can determine sovereign immunity on a motion to dismiss. *See e.g. Mena v. Miami-Dade County,* No. 14-20030, 2014 WL 3667806 (S.D. Fla. July 22, 2014); *Gregory v. Miami-Dade County*, 86 F.Supp. 3d 1333 (S.D. Fla. 2014). The Court, however, finds that, based on the allegations in this action, it should wait until the completion of discovery to determine the issue of sovereign immunity. *See Vasquez v. City of Miami Beach*, 895 F.Supp. 2d 1275, 1279 (S.D. Fla. 2012) (holding that, at the motion to dismiss stage, it was unclear whether sovereign immunity applied); *McGhee v. Volusia County*, 679 So.2d 729, 733 (Fla. 1996) (question of malice was for fact-finder); *Burnett v. Miami-Dade County*, No. 07-20207, 2007 WL 1225451 at * 2 (S.D. Fla.

7

April 25, 2007). Accordingly, the Court denies the County's Motion to Dismiss based on sovereign immunity.

## Conclusion

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Report of Magistrate Judge [ECF No. 47] is **ADOPTED** in part. Defendant Miami-Dade County's Motion to Dismiss [ECF No. 40] is **DENIED.** It is further

**ORDERED AND ADJUDGED** that this action remains **STAYED** and is administratively **CLOSED** pending the State Attorney's Office and MDCR's investigation into the incident. The parties shall promptly notify the Court when the investigation is complete.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of March, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE